UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERONICA V.O.,

Petitioner,

v.

KRISTI NOEM, *et al.*,

Respondents.

Case No. 1:25-cv-1796-TLN-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner, Veronica V.O., formerly a federal immigration detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pending before the court is petitioner's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 23. Respondents have not filed a timely opposition. For the reasons set forth below, I recommend that petitioner's motion be granted.

**Relevant Background**

Following the parties' briefing on petitioner's application for temporary restraining order and the merits of the petition, the court granted a temporary restraining order on December 15, 2025, and ordered that respondents release petitioner immediately, finding that petitioner was likely to succeed on the merits of her claim that the revocation of her release by immigration authorities was unlawful. ECF No. 10 at 5. The court issued a preliminary injunction on the

same grounds on December 29, 2025. ECF No. 14. On May 14, 2026, the court granted the petition for writ of habeas corpus, issued permanent relief in favor of petitioner, and denied respondent's motion to dismiss. ECF No. 21. Judgment for petitioner was entered on May 14, 2026. ECF No. 22.

Petitioner filed her motion for attorney's fees on June 15, 2026. ECF No. 23. The matter was referred to me two days later. ECF No. 24. In the motion, petitioner's counsel details her attempts to resolve the issue with respondents' counsel. ECF No. 23 at 2. Respondents have not filed a response. Respondents' failure to file a timely opposition is construed as a non-opposition. *See* E.D. Cal. L. R. 230(c).

**Legal Standard**

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Carbonell v. I.N.S.*, 429 F.3d 894, 897-98 (9th Cir. 2005). Congress has authorized fee recovery by prevailing parties under the EAJA. *Id.* at 898; 28 U.S.C. § 2412(d)(1)(A). The EAJA directs a court to award reasonable fees and expenses to private parties who prevail in civil litigation against the United States if the position of the United States was not "substantially justified" and no "special circumstances make an award unjust." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). "The government bears the burden of demonstrating substantial justification." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

Thus, to obtain an award for EAJA attorney's fees and costs: (1) petitioner must be the prevailing party; (2) the government's position must not be substantially justified, and no special circumstances make an award unjust; and (3) the requested attorney's fees and costs must be reasonable. *See* 28 U.S.C. § 2412(d)(1)(A).

**Analysis**

The EAJA expressly limits its provision for an award of attorney's fees and expenses to a party that prevails against the United States in a "civil action." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has found that habeas corpus proceedings are "technically 'civil'" in general. *Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971). The Ninth Circuit has held

that EAJA fees are available in the context of some immigration habeas actions. *In re Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985). Both the Third Circuit and Tenth Circuit recently held that the EAJA "unambiguously" encompasses habeas challenges to immigration detention, expressly finding that such proceedings qualify as "civil actions" and that, accordingly, prevailing petitioners are eligible for an award of fees. *See Michelin v. Warden*, 169 F.4th 418, 424-25 (3d Cir. 2026), *pet. for rehrn'g by panel en banc deniedd*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). In reaching this conclusion, both courts relied, in part, on the EAJA's use of the phrase "*any* civil action (other than cases sounding in tort)" as the qualifying language entitling a prevailing party to seek an award of fees. *See* 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The Supreme Court will consider this issue next term. *Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026) (granting certiorari).

In light of the Supreme Court's characterization in *Schlanger* that habeas corpus proceedings are "technically 'civil'" actions, coupled with EAJA's applicability to "any" civil action except an expressly identified category of cases inapplicable here (i.e., "other than cases sounding in tort"), I agree with the Third and Tenth Circuit's interpretation that the EAJA unambiguously includes habeas proceedings challenging immigration detention.

This conclusion accords with courts in this Circuit and elsewhere that have held that immigration habeas petitions are civil actions for purposes of fee awards under the EAJA. *See Gurjinder S. v. Warden*, No. 1:26-cv-0188-TLN-CSK, 2026 WL 2110865, at *2 (E.D. Cal. July 22, 2026) ("Courts in this district have held that habeas petitions are civil actions for purposes of fee awards under the EAJA."); *S.F. v. Bostock*, No. 3:25-cv-1084-MTK, 2026 WL 1230044, at *3 (D. Or. May 5, 2026) ("The plain text of the EAJA, as well as the substance of Petitioner's remedy, establish that this [immigration habeas] case is a 'civil action' under the EAJA."); *Krajekian v. Cantu*, No. 25-cv-2666-DJH-CDB) 2026 WL 598226, at *3 (D. Ariz. Jan. 2, 2026), *report and recommendation adopted*, 2026 WL 596300 (D. Ariz. Mar. 3, 2026) (same); *see also Michelin v. Warden*, 169 F.4th 418, 424-25 (3d Cir. 2026) (same); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (same).

Accordingly, the EAJA applies to this action, and I must determine whether petitioner

qualifies for the payment of attorney's fees. Petitioner argues that she is the prevailing party in this litigation, as the court agreed with her position that her immediate release from custody was required under the Constitution. ECF No. 23 at 5. She specifically points to the court's May 14, 2026, order, ECF No. 21, granting the petition for writ of habeas corpus. *Id.* I agree that petitioner is the prevailing party: through this litigation, petitioner obtained her release from custody, ECF No. 10, a preliminary injunction, ECF No. 14, and a writ of habeas corpus, ECF No. 21, that protects her from future illegal detention. *See A.S. v. Sec'y U.S. Dep't of Homeland Sec.*, No. 1:26-cv-1039-JLT-EGC, 2026 WL 1847393 (E.D. Cal. June 26, 2026) (finding that petitioner was prevailing party where court ordered release from immigration custody and rejected the respondent's positions on the merits).

To defeat a prevailing party's claim to attorney's fees under the EAJA, the government bears the burden of showing that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citing *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005)). Petitioner argues that the government cannot show that its position had a reasonable basis in both law and fact because the agency re-detained her in violation of law and respondents took unreasonable litigation positions. ECF No. 23 at 6-8. As respondents did not oppose petitioner's motion, I find that they have failed to meet their burden to show that their position was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 569-570 (9th Cir. 1995).

Similarly, the burden of proving the special circumstances exception also rests with the government. *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). Petitioner argues that there are no such special circumstances in this case. ECF No. 23 at 8. As respondents did not oppose this motion, I find that there are no special circumstances that would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

Lastly, I must determine whether petitioner's attorney fee request is reasonable. In determining what constitutes "reasonable" attorney's fees under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district court must calculate the lodestar amount by multiplying the number of hours reasonably

expended on the litigation by a reasonable hourly rate. Next, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id*. (cleaned up).

The Ninth Circuit maintains a list of the statutory maximum hourly attorney rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja*, 428 F.3d at 876-77; "Statutory Maximum Rates Under the Equal Access to Justice," available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 23, 2026). This maximum rate (presently $258.46 for work performed in 2025) controls unless the district court finds that a "special factor" warrants a higher rate. *See Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). Petitioner's counsel requests the Ninth Circuit statutory maximum rate for her work, an hourly fee that I find reasonable. *See* ECF No. 23-1 at 3.

According to the declaration of petitioner's attorney Leah L. Chavarria, this was the first habeas petition she filed in federal district court, and her fee request does not include the time that she spent on the opposition to the motion to dismiss, the instant fee application, and other areas where she did not keep records. ECF No. 23-1 at 1. The fee request includes one in-person visit with petitioner at the Adelanto Detention Facility for Ms. Chavarria's co-counsel Tessa Cabrera, amounting to 11.58 hours. *Id.* Ms. Chavarria spent 14.79 hours reviewing the case, drafting and finalizing documents, and compiling evidence in support of the petition and the motion for temporary restraining order. *Id.* Counsel attaches the signed declaration of petitioner V.O. in support of the motion. ECF No. 23-2.

For the sake of comparison, in an immigration habeas case involving a similar amount of litigation, the petitioner's three attorneys billed 50.55 hours, which the district court found reasonable and awarded $25,275. *See S.F.*, 2026 WL 1230044, at *4-6. My experience presiding over a significant number of immigration habeas cases, coupled with the hours found reasonable by other courts in similar cases, suggest that counsel's request for $6,815.59 as compensation for 26.37 attorney hours is reasonable. *See Doe v. Chestnut*, No. 1:25-cv-1372-CDB, 2026 WL 1459808, at *4 (E.D. Cal. May 25, 2026) (awarding $34,518.77 for 131.06 attorney hours and 4.3 paralegal hours); *Gurjinder S.*, 2026 WL 2110865, at *8 (awarding $14,732.22 for 57 attorney

hours and 3 legal assistant hours); *N.A.L.C. v. Wofford*, No. 1:25-cv-1917-KES-CDB, 2026 WL 1724739, at *5 (E.D. Cal. June 15, 2026) (recommending award of $7,685.05 for 13.6 attorney hours and 27.8 paralegal hours); *Karla D. R. v. Chestnut*, No. 1:26-cv-1137-TLN-CKD, 2026 WL 1906168, at *2 (E.D. Cal. July 2, 2026) (awarding $6,345.81 in attorney fees for 19.6 attorney hours and 10.2 paralegal hours); *E.A.P.C. v. Wofford*, No. 1:25-cv-1546-JLT-CDB, 2026 WL 1758394 (E.D. Cal. June 18, 2026), *report and recommendation adopted*, 2026 WL 1983910 (E.D. Cal. July 9, 2026) (awarding $5,828.30 for 6.3 attorney hours and 28 paralegal hours); *A.S.*, 2026 WL 1847393, at *2 (recommending award of $3,235.75 for 12.5 attorney hours); *Oscar C.M. v. Knight*, No. 1:25-CV-01915-TLN-SCR, 2026 WL 743350 (E.D. Cal. Mar. 17, 2026) (awarding $2,966.44 for approximately 13 attorney hours).

In light of the above, and having found the requested amount reasonable, I recommend that the motion be granted and that attorney's fees be awarded in the amount of $6,815.59.

**Conclusion**

Accordingly, it is HEREBY RECOMMENDED that:

1. Petitioner's motion for the award of attorney's fees, ECF No. 23, be GRANTED;

2. Respondents be ordered to remit to counsel for petitioner's attorney's fees and expenses in the amount of $6,815.59; and

3. This award be made payable to petitioner, but if the Department of the Treasury determines that petitioner does not owe a federal debt, then respondents shall cause the payment of attorney's fees and expenses to be made directly to petitioner's counsel.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).

IT IS SO ORDERED.

Dated: July 28, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE