UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA V.O., Petitioner, v. KRISTI NOEM, et al., Respondents. | No. 1:25-cv-1796-TLN-JDP **ORDER** |

The Court entered judgment in favor of Petitioner, an immigration detainee, on May 14, 2026. (ECF No. 22.) Petitioner filed a motion for attorney's fees (ECF No. 23), which the Court referred to the assigned magistrate judge pursuant to Local Rule 302 (ECF No. 24).

On July 28, 2026, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 25.) Respondents have filed objections to the findings and recommendations. (ECF No. 26.) Petitioner replied. (ECF No. 27.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

In objection to the findings and recommendations, Respondents argue the motion should (1) be held in abeyance in light of the Supreme Court's certification of a relevant issue, and (2) be denied on the merits. (ECF No. 26.)

Taking the second objection first, the Court considers Respondents' merits objections waived. Respondents failed to file any opposition to the motion for attorney's fees and now attempt to argue the merits, for the first time, in their objections. (*Id.*) Respondents provide no explanation or excuse for their failure to properly oppose the motion in the first instance. (*See id.*) The Court sees no reason why these arguments could not, and should not, have been timely raised. Particularly as Respondents provide no explanation or excuse, the Court exercises its discretion not to consider new arguments on the merits in its review. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (finding district court did not abuse its discretion in declining to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation).

Respondents further request the Court hold the instant motion in abeyance pending the Supreme Court's resolution of *Montoya Palacios v. Liggins* which would have precedential effect in this case. (ECF No. 26 (citing No. 25-1223, 2026 WL 1855057, granting cert. to 2026 WL 1154321 (4th Cir. Mar. 24, 2026) (certifying the question of whether habeas petitions constitute "any civil action" under EAJA)).) The Supreme Court granted the petition for writ of certiorari on June 29, 2026, after the deadline for opposition to the motion had expired. Because Respondents could not have raised this argument sooner, the Court considers Respondents' request for a stay.

Under *Landis v. North America Co.*, a district court has discretionary power to stay proceedings pending the outcome of a controlling legal issue in a different case before the Supreme Court. 299 U.S. 248 (1936). The Ninth Circuit has established a three-factor test for a *Landis* stay requiring a court to balance the interests of: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a

stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall,* 300 F.2d 265 (9th Cir. 1962)).

Here, the factors weigh against a stay and in favor of finality. Entering a stay would prohibit compensation for Petitioner's counsel in a case in which she is entitled to fees. Such a failure to compensate attorneys may have a chilling effect on representation for habeas petitioners at a time when this District is experiencing an unprecedented volume of meritorious habeas cases and many petitioners require aid of counsel. Conversely, there is no hardship or inequity in resolving this motion to bring this case to a close. Indeed, Respondents do not articulate any hardship or inequity which would befall them. Finally, it is in the orderly course of justice to effect swift justice to Petitioner and counsel and bring finality to this matter, which requires no further litigation or narrowing of issues. Respondents argue a stay would promote judicial efficiency and conserve judicial resources, in conclusory fashion, without any explanation. (ECF No. 26 at 2.) The Court does not agree. Additionally, the Court gives little credence to these arguments given Respondents' attempt to game the Court's process for findings and recommendations by raising new arguments in objection. Thus, the Court declines to hold this matter in abeyance.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed July 28, 2026 (ECF No. 25) are ADOPTED in full;

2. Petitioner's Motion for Award of Attorney's Fees (ECF No. 23) is GRANTED;

3. Respondents shall remit to counsel for Petitioner attorney's fees and expenses in the amount of $6,815.59;

4. This award is made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorney's fees and expenses to be made directly to Petitioner's counsel; and

5. Respondents' request to hold this matter in abeyance (ECF No. 26) is DENIED.

///

///

IT IS SO ORDERED.

DATE: August 28, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE